UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LAQUEL EVANS,

                Plaintiff,

            -against-

MICHAEL WALDO, Individually and in
his capacity as employee, agent and/or
servant of the CITY OF NEW YORK,
and/or NEW YORK CITY POLICE
DEPARTMENT,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**

04-CV-566 (DLI)(RLM)

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, Laquel Evans, commenced this sexual harassment action against defendants Michael Waldo, the City of New York, and the New York City Police Department alleging violations of 42 U.S.C § 1983, the Fourteenth Amendment to the U.S. Constitution and analogous state and local laws.[1] Defendant Waldo joined issue and alleged various counterclaims including abuse of process, defamation, and also seeks to impose Rule 11 sanctions on plaintiff and plaintiff's counsel. Plaintiff now brings this motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to dismiss defendant's counterclaims. For the following reasons, plaintiff's motion for judgment on the pleadings is granted and defendant's counterclaims are dismissed.

**I.    Background**

Plaintiff, a School Safety Officer, employed by the New York City Police Department, alleged that between October 1999 and March 2002, plaintiff's supervisor, defendant Michael Waldo, sexually harassed her. Specifically, plaintiff alleged that defendant made offensive

---

[1] On March 31, 2005, plaintiff settled this action as to defendants the New York City Police Department and the City of New York. However, settlement negotiations with Defendant Waldo were unsuccessful and Defendant Waldo remains in this case

comments and referred to plaintiff in a derogatory manner.² Plaintiff also alleged that defendant gyrated up against a table while stating to plaintiff, "I could have you if I wanted to. It's a good thing the Church has changed me; it's the reason I haven't touched you yet." (Pl.'s Compl. ¶ 21.)

On April 24, 2002, plaintiff filed an internal complaint with the New York City Office of Equal Employment Opportunity ("OEEO"). (Pl.'s Decl. Ex. G; Pl.'s Compl. at ¶ 26.) Following an investigation, the OEEO found plaintiff's allegations substantiated and recommended that defendant be disciplined and attend a "Professional Conduct in the Workplace" seminar. (Pl.'s Decl. Ex. H.) Defendant even "voluntarily accept[ed] [the OEEO's] findings and the proposed disciplinary action," by signing an acknowledgment of the OEEO's findings. (Pl.'s Decl. Ex. I.) Accordingly, defendant was disciplined, forfeited five vacation days, and was required to attend the "Professional Conduct in the Workplace" seminar. (Pl.'s Decl. Ex. J.)

In February 2004, plaintiff filed the instant sexual harassment complaint against defendants Waldo, the City of New York, and the New York City Police Department. Defendant joined issue and asserted various counterclaims. Although plaintiff settled this action as to the City of New York and the New York City Police Department, defendant Waldo remains in this action after plaintiff refused Waldo's demand for cash payment to release his counterclaims. After the close of discovery, plaintiff filed the instant motion.

**II.    Discussion**

The standard to be applied to a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under Rule 12(b)(6), unless the Court chooses to

---

²     Defendant allegedly made the following statements: "Your weakness is not cigarettes; your weakness is men", "You're lucky it's not back in the day when I would have had you spread out on the desk", "You need implants, you do not have a chest", and "You need a bigger chest to satisfy me." (Pl.'s Compl. ¶ 19.) Defendant also allegedly referred to plaintiff as the "devil", "Satan", "ho", "slut", "home-wrecker", "prostitute", "whore", "fast [sic]", "fat-ass", "big-butt", "sexy", "Delilah", "Jezebel", and "cheap ho." (Pl.'s Compl. ¶¶ 19, 25.)

consider materials outside the four corners of the pleadings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S. Ct. 73, 130 L. Ed. 2d 28 (1994). If the court chooses to consider materials outside the pleadings, the motion must be converted to one for summary judgment. *See Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999). The four corners of the pleadings include "factual allegations in [plaintiff's] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [plaintiff's] possession or of which [plaintiff] had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Here, the court's decision relies on the pleadings and documents incorporated in the pleadings by reference; thus, it is unnecessary to convert the instant motion into one for summary judgment.

### A. Abuse of Process[3]

For his first counterclaim, defendant alleges that plaintiff "commence[d] this action solely for the purpose of embarrassing and humiliating the Defendant," and "in deliberate attempt to smear his name and reputation and the [sic] recover financially in the hopes that the mere appearance of impropriety would induce a monetary settlement." Def.'s Answer at 5. To establish a counterclaim for abuse of process, defendant Waldo must satisfy three elements: 1) regularly issued process; 2) an intent to harm without excuse or justification; and 3) use of process in a perverted manner in order to obtain a collateral objective. *Varela v. Investors Ins. Holding Corp.*, 185 A.D.2d 309, 310, 586 N.Y.S.2d 272 (2d Dep't 1992). In addition, "[i]n order to sustain a cause of action to recover damages for abuse of process, the process complained of 'must involve an injury to or an interference with one's person or property.'" *Id*. (quoting *Siegel v. Smith, Panish & Shapiro*, 136

---

[3] Although it is unclear from defendant's answer exactly what counterclaims he alleges, defendant states in his motion papers that he alleges the following counterclaims: abuse of process, defamation, and violation of Fed. R. Civ. P. 11. (Def.'s Br. at 1.)

A.D.2d 620, 621, 523 N.Y.S.2d 866 (2d Dep't 1988)).

Defendant does not allege sufficient facts to state an abuse of process claim. Defendant purports to argue that the plaintiff's filing of a complaint constitutes abuse of process. However, "the institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984). Moreover, defendant's conclusory allegations that plaintiff brought this suit "to coerce a settlement out of the City of New York even if it was at the expense of a good man's name," (Def.'s Br. at 6), is insufficient to raise an abuse of process claim. *See Curiano*, 63 N.Y.2d 113 at 117 (holding that a malicious motive alone does not give rise to a cause of action for abuse of process). Plaintiff's complaint was not brought in bad faith. In fact, the OEEO investigated and substantiated plaintiff's complaint against defendant. Finally, defendant argues that plaintiff's collateral objective in bringing this action was to obtain "monetary compensation." (Def.'s Br. at 7.) Plaintiff's goal of monetary compensation is not a collateral objective, it is the central objective of the plaintiff's complaint and the rationale for compensatory damages permitted in a § 1983 action. Thus, defendant fails to state a counterclaim for abuse of process.

**B. Defamation**

As to his second counterclaim, defendant alleges he suffered "significant damage to his professional reputation resulting in significant pecuniary losses as well as losses in his promotion and alternate employment opportunities." Def.'s Answer at 6. To establish a claim for defamation, defendant Waldo must satisfy four elements: 1) an oral defamatory statement of fact; 2) regarding the plaintiff; 3) published to a third party by the defendant; and 4) injury to the plaintiff. *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000). In addition, he must "set forth the exact slanderous words allegedly spoken to [the] parties." *Lewittes v. Blume*, 18 A.D.3d 261, 795 N.Y.S.2d 13 (1st Dep't 2005). While a claim of defamation is governed by the liberal pleading

requirements of Fed. R. Civ. P. 8(a), courts have upheld the sufficiency of a defamation claim when the claimant alleges "what the slander was, who said it, and approximately when it was said." *Tech. Consortium, Inc. v. Digital Commc'n. Assocs.*, 757 F.Supp. 197, 201 (E.D.N.Y. 1991); s*ee also La Corte v. Hudacs*, 884 F.Supp. 64, 69-70 (N.D.N.Y. 1995); *Sabatowski v. Fisher Price Toys*, 763 F.Supp. 705, 713-14 (W.D.N.Y. 1991).

Here, defendant has failed to state a cause of action for defamation. Defendant neither alleges what the defamatory words were, nor when they were said. Defendant appears to contend that plaintiff, in repeating to co-workers that she was going to "get rich" from this lawsuit, defamed defendant. (Def.'s Br. at 8.) These words are, at most, tactless, and do not amount to defamation. *See Dillon v. City of New York*, 261 A.D.2d 34, 37-38, 704 N.Y.S.2d 1 (1st Dep't 1999) (holding that "[d]efamation has long been recognized to arise from the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." (internal quotations omitted)). Defendant further contends that he satisfied the pleading requirement because he incorporated the plaintiff's defamatory statements into his counterclaims. However, plaintiff's complaint does not describe any defamatory statements made by plaintiff, but rather outlines statements made by defendant.

Moreover, any alleged defamatory statements made by the plaintiff in her complaint are absolutely privileged from a claim of defamation. *See Microsoft Corp. v. K&E Computer, Inc.*, No. 00 Civ. 7550, 2001 WL 332962 (S.D.N.Y. April 4, 2001); *see also Woodford v. Comty Action of Greene County, Inc.*, 103 F. Supp. 2d 97, 101 (N.D.N.Y. 2000) (finding plaintiff's complaint absolutely privileged where defendants neither set forth arguments suggesting that plaintiff's statements were unrelated to her claims, nor have indicated what statements plaintiff made apart from the submissions in this action that might sustain their defamation counterclaim); *Bridge C.A.T.*

*Scan Assocs. v. Ohio- Nuclear, Inc.*, 608 F.Supp. 1187, 1194 (S.D.N.Y. 1985) (holding that statements made in a pleading and fair and true reports of such pleadings are absolutely privileged). Defendant failed to set forth any statements plaintiff made that were unrelated to her claims. In fact, any alleged defamatory statements relate directly to plaintiff's sexual harassment complaint and, thus, are absolutely privileged. *See id.* Accordingly, defendant failed to state a cognizable claim for defamation.

### C. Fed. R. Civ. P. 11 Sanctions

In his third counterclaim, defendant alleges that

> [t]his action fails to meet the Federal standard of a [sic] meritoriousness in that the claims, defenses and other legal contentions therein are not warranted by existing law or are frivolous arguments for the extension, modification or reversal of existing law or the establishment of new law, and the allegations and other factual contentions have no evidentiary support or, are likely to have no evidentiary support after a reasonable opportunity for investigation or discovery; and therefore subjects the Plaintiff and counsel to sanction, legal fees cost and disbursement for the defense of this action.

*See* Def.'s Answer at 6. In order to prevail on a request for sanctions pursuant to Fed. R. Civ. P. 11, defendant must show that: 1) a reasonable inquiry into the basis for a pleading has not been made; 2) under existing precedent there is no chance of success; and 3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands. *Cross & Cross Prop., Ltd v. Everett Allied Co., Inc.*, 886 F.2d 497, 504 (2d Cir. 1997) (quoting *Int. Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989)). Defendant presents no evidence that any of these elements have been met and argues "the very absence of competent documentary evidence of wrongdoing is [sic] renders this case wholly inadequate and violative of the Rule 11 standard." (Def.'s Br. at 9.) Defendant conveniently overlooks the documentary evidence submitted by plaintiff, including plaintiff's OEEO complaint, the OEEO's findings, and the defendant's signed acknowledgment of the OEEO's findings. The OEEO found plaintiff's allegations to be substantiated. The defendant

accepted the findings and the proposed disciplinary actions by signing an acknowledgment of the OEEO's findings. Thus, plaintiff had both a reasonable basis for bringing her suit and a reasonable chance of success. Accordingly, defendant's Rule 11 counterclaim must be dismissed.

**III.     Conclusion**

For the reasons set forth above, plaintiff's motion for judgment on the pleadings as to defendant's counterclaims under Fed. R. Civ. P. 12(c) is granted and defendant's counterclaims are dismissed with prejudice.

SO ORDERED.

DATED:    Brooklyn, New York
          September 18, 2006

$$\underline{\qquad\qquad /s/ \qquad\qquad}$$
DORA L. IRIZARRY
United States District Judge